Johnny Lee **BURTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–88–00097–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 8, 1988.

Sherra Miller, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, Winston Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

Before JACK SMITH, DUGGAN and DUNN, JJ.

## OPINION

JACK SMITH, Justice.

Appellant was convicted by a jury of the attempted murder of his wife. The jury assessed punishment at 18 years confinement and a $5,000 fine. Appellant does not contest the sufficiency of the evidence.

In his first point of error, appellant asserts that the court erred in admitting evidence of his prior violent behavior, arguing that this constituted improper testimony of extraneous offenses that were inadmissible and prejudicial.

The complainant, appellant's wife, testified that in February 1987, she had moved with her three children out of the house they shared with appellant after threats and violence. She testified that on February 15, appellant had told their oldest daughter that he hated her and was going to kill her and then ran into the kitchen and got a butcher knife. When he went after his daughter, the complainant and her son ran behind him and tried to hold him to prevent him from stabbing his daughter, who then ran outside and to a neighbor's.

Complainant called the police, but after they left and she prepared to leave with her children, appellant followed her, grabbed her purse, and told her that no one was leaving. Complainant and one of her children got into a friend's car, when appellant took a brick out of the mailbox and smashed it through the driver's side window, where his wife was sitting. She then saw him open a pocket knife, and after her daughter got out of the car and ran away, she followed. Complainant testified that she stumbled and fell in her yard, and appellant climbed on top of her and began to stab her in her arms, which she raised to shield herself. She testified that her children were screaming and hollering, and that after her sister and son stopped appellant, she was taken to the hospital where the cuts on her arm required 14 stitches. She testified that she had been married to appellant for 17 years, and that this type of violent incident had happened before on many occasions, before she moved away with her children. On cross-examination by defense counsel, complainant testified that appellant was convicted of misdemeanor assault for the February assault. Although she was contacted numerous times by her pastor on behalf of the appellant about dropping charges, she refused because she was afraid of appellant.

Complainant testified that she had little or no further contact with appellant until November 16, 1987. That day, she went to work as usual at 7 a.m. to her job as a cook at E.O. Smith Middle School. At 7:15 a.m.,

appellant entered the school cafeteria through the back kitchen door, and took a pistol from his pocket. Though complainant tried to grab him and knock it out of his hand, she failed, and he shot her in the stomach. She then tried to run out the back door, and appellant shot her a second time, in the back. She testified that she fell and pretended to be dead, so appellant would not shoot her again. She said he watched her for a few moments and left.

The complainant testified that appellant said nothing to her at the cafeteria, either before, during, or after the shooting. Before that, the last time she had spoken to him was two weeks previously, when he talked about getting back together, and she told him no. She testified that he told her that he was going to give her more time to think about it.

After the shooting, the complainant was admitted to Ben Taub Hospital Emergency Room, with wounds in her shoulder and abdomen. The emergency room physician on duty testified that extensive exploration of the abdominal organs was necessary because of the unpredictable path of bullets. Surgery was performed on injuries to the complainant's liver, stomach, spleen, and left kidney, and she was then transferred to intensive care for a week.

Appellant testified on his own behalf that he had no contact with his wife for about three months after he got out of jail for the February assault. He stated that in August, they began talking again and that she led him to believe she would consider getting back together. He testified that although he went to the cafeteria on November 16, he merely stood looking at his wife with his hands in his pocket, and that only when she lunged at him, he took out the pistol and fired a shot. [The complainant is 4'11" and weighs 100 pounds.] He said that after the shot, his wife walked out the door, and he "walked up politely behind her." She then lay down on the ground, and he walked away.

Generally, to be admissible, an extraneous offense must be relevant to a material issue in the case other than the defendant's character, and its probative value must out-weigh its prejudicial effect. *Robinson v. State*, 701 S.W.2d 895, 896 (Tex.Crim.App. 1985); *Plante v. State*, 692 S.W.2d 487, 491 (Tex.Crim.App.1985). An extraneous offense may be admissible to show the context in which the criminal act occurred ("res gestae"), to prove scienter, where intent or guilty knowledge is an essential element of the State's case and cannot be inferred from the act itself, or to show the accused's motive, where, for example, the offense at bar is part of a continuing plan or scheme of which the crime on trial is also a part. *Albrecht v. State*, 486 S.W.2d 97, 100–101 (Tex.Crim.App.1972); *see* Tex. R.Crim.Evid. 404(b).

■ Appellant asserts that the record is replete with improperly admitted inflammatory evidence of extraneous offenses. Although appellant initially objected when the prosecutor asked the complainant about the February assault, there was no objection to the State's questions about the assault when appellant was cross-examined.

Error in the admission of evidence is cured when the same evidence is admitted elsewhere without objection. Defense counsel must object every time allegedly inadmissible evidence is offered. *Hudson v. State*, 675 S.W.2d 507, 511 (Tex.Crim. App.1984). If a defendant testifies and confirms the truth of facts to which he earlier objected, he waives his right to challenge the admissibility of the evidence, unless his testimony is offered only to explain or rebut improperly admitted evidence. *Maynard v. State*, 685 S.W.2d 60, 65–66 (Tex.Crim.App.1985); *see Bush v. State*, 697 S.W.2d 397, 404 (Tex.Crim.App.1985). The testimony elicited by the defense did not merely rebut or explain the prior violent acts, but introduced additional potentially prejudicial information about those acts, e.g. that not only did the acts indeed occur, but that appellant was formally charged, convicted, and put in jail for them, and that he repeatedly attempted to persuade the complainant to drop the charges, but that she refused.

Tex.R.Crim.Evid. 404(b) provides that evidence of other crimes, wrongs, or acts may be admissible to show motive, intent, plan,

or absence of mistake or accident, provided that the accused upon timely request is given notice of the State's intent to introduce such evidence. Appellant argues that admission of an extraneous offense is inherently prejudicial because the accused has had no notice that he will be called to defend against it. We note, however, that the transcript includes the State's Notice of Intention to Use Defendant's Prior Convictions and Extraneous Offenses.

■ The evidence showed that the appellant's impetus for the attempted murder of his wife was at least in part, their separation and her refusal to reconcile and return to him after the February assault. The State is permitted to show motive. *Bush v. State*, 628 S.W.2d 441, 444 (Tex.Crim.App. 1982). There was also evidence that complainant had not seen appellant for several months before the shooting, and the prior acts would be relevant to explain his behavior on the day of the offense, when according to the complainant he appeared at her workplace, stood looking at her for a few minutes, then pulled a gun, all the while not saying a word.

The appellant's testimony implied that the shooting was an accident because the complainant lunged at appellant and "tussled" with him while he was holding the gun. Evidence of appellant's prior violence would be relevant on the issue of whether the accident theory was credible. Additionally, it was relevant to rebut the appellant's implication that he was armed when he went to see his wife that day because he feared his wife's alleged lover.

Given the contradicting evidence and the appellant's testimony on a viable defensive theory of accident, the probative value of the extraneous offense against the complainant was enhanced. *Robinson v. State*, 701 S.W.2d at 899. We cannot say that the probative value of the evidence of the prior assault was outweighed by its prejudicial potential in the case at bar. The first point of error is overruled.

■ In his second point of error, appellant contends it was error for the trial court to proceed with the same jury after he changed his plea from guilty to not guilty. Appellant asserts that he first pleaded guilty in the presence of the jury and that the trial court accepted his plea before admonishing him according to Tex. Code Crim.P. art. 26.13 (Vernon Pamph. 1988). The judge then dismissed the jury for lunch and admonished him about his pleading guilty. When he changed his plea to not guilty and requested a new jury, the court denied the request and required the trial to proceed before the same jury that had heard him plead guilty. He contends that because the effect of a guilty plea is to admit all facts necessary to establish guilt, the presumption of innocence was destroyed, resulting in reversible error.

The Texas Court of Criminal Appeals has expressly stated that when a defendant first pleads guilty before a jury and during the trial changes his plea to not guilty, he is not entitled to a new jury—the trial proceeds before the same jury. *Wilson v. State*, 698 S.W.2d 145, 147 (Tex.Crim.App. 1985); *Beasley v. State*, 634 S.W.2d 320, 321 (Tex.Crim.App.1982). The defendant will not be allowed to create reversible error by his own manipulation of the judicial process, i.e., pleading guilty, then changing his plea to force a new trial before a new jury. *Beasley v. State*, 634 S.W.2d at 321; *Leal v. State*, 730 S.W.2d 72, 75 (Tex.App.—Corpus Christi 1987, no pet.). The trial court did not err in proceeding with the same jury.

The second point of error is overruled.

The judgment of the trial court is affirmed.