**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Arvil A. HILL, Defendant–Appellant.**

**No. 89–1724.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 29, 1989.

Decided March 19, 1990.

Robert Eggers, Asst. U.S. Atty., Springfield, Ill., for plaintiff-appellee.

Peter K. Woody, Springfield, Ill., for defendant-appellant.

Arvil A. Hill, Louisiana, Mo., pro se.

Before BAUER, Chief Circuit Judge, WOOD, Jr., Circuit Judge, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

Arvil A. Hill appeals from his conviction for conspiring to manufacture marijuana. 21 U.S.C. §§ 846 & 841(a)(1). He raises a single issue: whether the district court erred in admitting evidence of his possession, during a prior arrest, of a substantial quantity of marijuana and marijuana seeds.

## I.

On March 26, 1988, the sheriff of Pike County, Illinois, Michael Lord, received a tip that marijuana was being grown on Denmark Island in the Mississippi River, north of the town of Louisiana, Missouri. Inspecting the island that day, Sheriff Lord found what appeared to be the beginnings of a concealed garden, with two paths leading into it. After monitoring the garden's growth during the spring, and confirming his suspicions that marijuana was being grown, Sheriff Lord contacted the Illinois State Police, who then visited the island in order to install electronic devices just outside the garden. These sensors were supposed to alert state officials if anyone entered the garden area. After being installed, though, they didn't work properly, so on July 7, 1989, five officers, including Sheriff Lord and Michael Oyer of the Illinois Division of Criminal Investigation, returned to Denmark Island to make repairs.

While making the repairs, the officers heard people approaching along a path to the garden, and hid themselves. Agent Oyer testified that from his hiding place, he saw three men approaching. The three were later identified as Gale S. Early, Daney (Sam) Early, and the defendant, Mr. Hill. It was disputed at trial whether the men ever entered the garden area, but in any event, the three men disappeared from Agent Oyer's view, and reappeared, one of the men (not the defendant) carrying a 9mm automatic pistol at the ready. Agent Oyer could not hear the men's voices when they reappeared, although they still seemed to be talking, now quietly. Two of the men were looking at the ground, while the man with the gun looked around. One of the men (not the defendant) found a wire from the sensors, and began to follow it along the ground, to the place where the transmitter was located, along with Agent Oyer. According to the agent, after a final pull on the wire revealed the transmitter, the man following the wire declared "I found it." Agent Oyer appeared from behind a tree announcing himself as a police officer, and the three men fled.

The officers pursued, but gave up the chase after hearing a motor boat start up and head south from the island. Heading back to the garden area, the agents heard a whistle. When Sheriff Lord whistled in reply, Mr. Hill, who had been left behind by the two other men, emerged from the underbrush and was arrested.

While in custody, Mr. Hill first said he was on Denmark Island on a "two-day drunk," and was actually glad to see the officers. He denied knowing anything about marijuana being grown on the island, but did express concern over his safety if he were to identify the two men he was with. He eventually identified them anyway. The Early brothers were arrested the next day, sporting recently clean-shaven faces and cut hair. An officer testified that while in custody Mr. Hill admitted to having been arrested earlier that year in Missouri for possession of "half a garbage" of cannabis.

Called by the defense at trial, Mr. Daney (Sam) Early testified that he had been poaching deer on Denmark Island with his brother and Mr. Hill, using a pistol because it was easier to hide than a hunting rifle. He claimed that he had shot at a deer,[1] and that the three men were tracking it when they came upon the wire. Curious as to what a wire was doing on an uninhabited

---

1. Sheriff Lord testified that he had heard gun shots some time before the three men approached the marijuana garden.

island, he decided to follow it. He fled from the officers, he said, because he knew he was hunting out of season.

Mr. Hill's trial on a three-count indictment was severed from that of the Early brothers. A jury found Mr. Hill guilty of conspiring to manufacture marijuana, but not guilty of manufacturing marijuana or possessing a firearm during the commission of a drug trafficking offense. He was sentenced to twenty-one months in prison followed by three years' supervised release, and a mandatory $50 assessment.

## II.

■ Before Mr. Hill's trial, the government had expressed its intention to prove that Mr. Hill had previously been arrested across the Mississippi River in Missouri and found in possession of roughly twelve pounds of marijuana and six pounds of marijuana seeds. The defendant challenged the admissibility of this evidence under Federal Rules of Evidence Rule 404(b) in a pretrial motion in limine. Before admitting the evidence at trial, the district judge heard argument on the 404(b) motion, with Mr. Hill's counsel additionally arguing that the evidence could not be admitted because the Missouri search leading to the marijuana's discovery was unconstitutional.[2] During colloquy with counsel, it became apparent that a prosecution against Mr. Hill based on his arrest there was currently pending in a Missouri court, and that at different stages, Missouri judges had ruled differently on the validity of the search. Apparently out of considerations of comity, the trial judge in this case declined to determine the constitutionality of the Missouri search, noting that the issue was pending before "a sister Court," and that he did not want to make a "cottage industry" of deciding such questions. He ruled that the evidence could be admitted under Rule 404(b). The defendant and prosecution then agreed to a stipulation, which was read to the jury at trial, that "on

December 13, 1987, in Bowling Green, Missouri, during an arrest, Defendant Arvil A. Hill was found to be in possession of 14.26 pounds of marijuana plant material and 6.43 pounds of marijuana seeds and plant particles."

Mr. Hill argues on appeal that the district judge was required to decide whether the evidence was properly seized in Missouri, and that, even if properly seized, the judge abused his discretion in admitting the evidence under Rule 404(b).

## III.

Evidence seized by state officials in violation of the Fourth Amendment cannot be used in a federal prosecution. *Elkins v. United States*, 364 U.S. 206, 223, 80 S.Ct. 1437, 1447, 4 L.Ed.2d 1669 (1960); *United States v. Andrus*, 775 F.2d 825, 844 (7th Cir.1985). In *Elkins*, the Supreme Court held that when

> determining whether there has been an unreasonable search or seizure by state officers, a federal court must make an independent inquiry, whether or not there has been such an inquiry by a state court, and irrespective of how any such inquiry may have turned out.

*Elkins*, 364 U.S. at 223–24, 80 S.Ct. at 1447. Thus, the Missouri prosecution, and the pending motion to suppress the evidence in the state case, were immaterial to the question of admissibility here. The district court should have made an independent finding concerning the constitutionality of the seizure of the evidence before admitting it, and it was error not to do so.

At oral argument, defense counsel agreed that the proper remedy would be to remand the case to the district court for a hearing to determine whether the evidence was properly seized. The government replies that a remand is unnecessary, because even if the court were to decide on remand

---

**2.** The defendant's formal motion in limine only raised the Rule 404(b) issue, and Federal Rule of Criminal Procedure 12(b)(3) requires that a motion to suppress evidence must be raised prior to trial. The record shows, however, that both parties and the trial court considered that the constitutionality of the search would be available to the defendant on appeal, and the government has not argued otherwise.

that the evidence should have been excluded, its admission was harmless.

After reviewing the record, we cannot say with confidence that the admission of the evidence of Mr. Hill's prior possession was harmless beyond a reasonable doubt, the standard reviewing courts must use when considering the effect of federal constitutional error. *United States v. Hasting,* 461 U.S. 499, 509 n. 7, 510–11, 103 S.Ct. 1974, 1981 n. 7, 1981, 76 L.Ed.2d 96 (1983); *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); *United States v. Pavelski,* 789 F.2d 485, 490 (7th Cir.), *cert. denied,* 479 U.S. 917, 107 S.Ct. 322, 93 L.Ed.2d 295 (1986) (applying harmless error analysis in Fourth Amendment case).

Most of the government's case against Mr. Hill was circumstantial evidence. That is, the government showed that he was in the wrong place at the wrong time, acted suspiciously, gave inconsistent stories to the police, and indicated that he was in danger of reprisal from the Early brothers if he talked to the police. On Denmark Island, he was not caught in possession of marijuana or anything connecting him to the garden such as tools or fertilizer. Mr. Hill's defense, that he and the Early brothers were poaching deer, offered a plausible (if not wholly credible) explanation for much of his suspicious conduct, such as moving and talking quietly, looking at the trail, and running when confronted by law enforcement officers. Notably, the jury acquitted Mr. Hill of two of the three counts he was charged with.

We recognize that evidence introduced by stipulation possibly may be less damaging than live testimony. However, in his stipulation, Mr. Hill admitted that three months before the marijuana garden was first discovered and seven months before his arrest, he had been caught with six pounds of marijuana *seeds.* It seems inescapable that this went leagues to show that he was in the business of growing marijuana, rather than simply possessing it. This evidence substantially buttressed the government's other circumstantial evidence and cannot be considered harmless beyond a reasonable doubt. *Schneble v. Florida,* 405 U.S. 427, 432, 92 S.Ct. 1056, 1059, 31 L.Ed.2d 340 (1972). Therefore, we remand the case to the district court to decide whether the Missouri search was in conformity with the Fourth Amendment.

IV.

If the Missouri search be found unlawful, Mr. Hill will be entitled to a new trial. If found lawful, the question will arise whether a new trial will be required because of any problem with the admission of the stipulation under Rule 404(b).[3] The 404(b) question has been fully argued here, and we proceed to decide it.

■ The jury could readily find that marijuana was being purposefully grown on Denmark Island in March and July of 1988. The ultimate issues at trial were whether Mr. Hill was involved in the cultivation of the garden, and agreed with others to carry on the project. His possession of six pounds of seeds in December, 1987 tended to show a plan and intent to grow marijuana in the spring of 1988. We find no abuse of discretion in deciding that the fact of possession of the seeds was relevant, with the probative value not substantially outweighed by the danger of unfair prejudice. See *United States v. Shackleford,* 738 F.2d 776, 779 (7th Cir.1984); Fed. Rule of Evid. 403.

■ Mr. Hill's possession of a quantity of marijuana *already grown* is less directly relevant to show an intent or plan to grow more in the future, and there is nothing to suggest the marijuana came from Denmark Island. In any event, even if the fact of possession of the quantity of marijuana should not have been admitted under Rule 404(b), we conclude the error was harmless

---

**3.** Rule 404(b) provides in full

**Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

under the lower threshold applicable to non-constitutional error: that the improperly admitted evidence did not have a " 'substantial influence' on the result of the trial." *United States v. Pirovolos*, 844 F.2d 415, 425 (7th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988) (citing *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946)). At trial, an officer testified without objection that Mr. Hill had admitted to being arrested in Missouri for possession of "half a garbage" of marijuana. The stipulation corroborated this officer's testimony and provided details, but the major prejudicial effect of the defendant's prior possession of marijuana was already before the jury (as well as the properly admitted evidence of the marijuana seeds).

### V.

We remand the cause to the district court with instructions to determine the constitutionality of the Missouri search. If found unconstitutional, the verdict must be set aside and a new trial granted. Circuit Rule 36 shall not apply.