Willie Donnell BEASLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 63453.

Court of Criminal Appeals of Texas, Panel No. 3.

June 16, 1982.

J. Stephen Cooper, Dallas, for appellant.

Henry Wade, Dist. Atty., and Stanley Keeton, Greg Davis and Gerry Holden Meier, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCORMICK, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at eight years.

Initially appellant entered a plea of guilty and a jury was selected to hear evidence and assess punishment. After appellant testified the trial court sua sponte withdrew his plea of guilty and entered a plea of not guilty for him because he denied that he used or exhibited a handgun as alleged. In his first ground of error appellant contends the trial court denied him due process by forcing the trial to proceed before the same jury after his plea was changed. At trial the only objection to this procedure was that "the jury has not been voir dired on guilt or innocence."

It is well-established that the procedure followed by the trial court in this case was proper. *Varela v. State*, Tex.Cr. App., 553 S.W.2d 111, and numerous authorities cited there.[1] In his argument on appeal appellant argues prejudice resulted on the determination of guilt because several police officers had testified that he had a bad reputation for being a peaceful and law-abiding citizen. To adopt the rule urged by appellant would allow manipulation of the judicial process: the accused could plead guilty, and after seeing how damaging the State's evidence is, he could take the stand and force a new trial before a new jury by denying an element of the offense. A defendant may not create reversible error by his own manipulation. Cf. *Ex parte Ewing*, Tex.Cr.App., 570 S.W.2d 941, 947. The ground of error is overruled.

Next appellant contends the evidence is insufficient to prove the victim was threatened or placed in fear of imminent bodily injury as alleged. The record shows the victim and her three year-old daughter were waiting for a ride to work when appellant pointed a pistol at the child and committed the offense. In his brief appellant emphasizes that the pistol was never pointed at the mother and that in her testimony the mother answered that she was afraid something might happen to her *or*

---

1. The rule no longer applies to cases of a guilty plea before the court. *Moon v. State*, Tex.Cr. App., 572 S.W.2d 681.

her daughter without explicitly stating fear for herself. We do not read the testimony so rigidly. When she affirmatively answered the question of whether she was afraid "something might happen to you or your daughter," common sense hears her saying she had fear that either could have been harmed, not that she either had fear for one or fear for the other, as argued by appellant. This conclusion is also supported by her testimony that during the robbery she was "trembling and shaking" and said "Don't hurt us." We find the evidence sufficient to show she was placed in fear of imminent bodily injury to both herself and her daughter. The ground of error is overruled.

■ Finally appellant contends it was improper to allow impeachment by showing an extraneous offense. He relies on the rule that an extraneous offense may not be used to attack the general credibility of a witness. *Murphy v. State*, Tex.Cr.App., 587 S.W.2d 718. There is an exception to this general rule when a defendant specifically denies such prior misconduct. *McIlveen v. State*, Tex.Cr.App., 559 S.W.2d 815, 822. Here appellant on direct examination expressly denied having "ever done anything like that before." This blanket denial authorized the State to prove that he had in fact committed a similar offense shortly before the robbery on trial. The ground of error is overruled.

The judgment is affirmed.