**Florentino LEAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-86-322-CR.**

Court of Appeals of Texas,
Corpus Christi.

April 2, 1987.

---

R. Owen Ricker, Jr., Woody, Gumm, Heintz & Villafranca, Victoria, for appellant.

George J. Filley, III, Dist. Atty. of Victoria County, Victoria, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of aggravated sexual assault and assessed his punish-

ment at 45 years in the Texas Department of Corrections. We affirm.

Appellant entered a plea of guilty to the offense before a jury. However, after appellant testified, the trial court sua sponte withdrew the plea and entered a plea of not guilty. All three of appellant's points of error relate to the withdrawal of the plea. Therefore, the points of error will be addressed jointly.

■ The indictment alleged that appellant caused the sexual organ of a child younger than fourteen years of age to contact and penetrate appellant's mouth. When the indictment was read to appellant in the jury's presence, he pled guilty. The State then offered evidence from the victim, his brother, and various reputation witnesses. The victim's testimony supported the allegations in the indictment. Evidence concerning the commission of the offense and the reputation evidence were properly admitted because when the defendant pleads guilty to a jury, a unitary proceeding, rather than a bifurcated trial, is held. *Basaldua v. State*, 481 S.W.2d 851 (Tex.Crim.App.1972); Tex.Code Crim.Proc. Ann. art. 26.14 (Vernon 1966).

■ After the State rested, appellant testified that he had committed aggravated sexual assault. However, when he and his attorney delved into the details of the offense, appellant denied that he had ever placed the child's penis in his mouth. When questioned by the State, appellant again denied committing the offense in the manner as alleged in the indictment. At the conclusion of appellant's testimony, the trial court, over appellant's objections, withdrew the guilty plea. Defense counsel argued that the court's act was a comment on the weight of the evidence, that appellant was guilty, and that it did not matter how appellant had committed the offense.[1]

The trial court informed counsel that the trial was then in the guilt/innocence phase and that both sides would have the oppor-

tunity to present additional evidence. The State called the victim's mother for the sole purpose of establishing that appellant was not the victim's spouse. Appellant had no additional evidence.

Appellant then argued that since the guilty plea was withdrawn, the State should have had to reoffer all of its evidence previously admitted, and because the State had not, the evidence was insufficient to support the allegations in the indictment and appellant should be acquitted. The trial court overruled appellant's motion.

In his points of error, appellant continues to argue that the trial court erred in withdrawing the plea, that the withdrawal was a comment on the evidence, and that because the State did not reoffer the testimony heard before the withdrawal, the evidence is insufficient to support the allegations in the indictment. We disagree with appellant.

■ Where a plea of guilty is entered in a felony case before a jury, and evidence is introduced which makes evident the innocence of the accused, or which reasonably and fairly raises an issue as to that fact, the evidence should be withdrawn or the trial court must withdraw the guilty plea. *Griffin v. State*, 703 S.W.2d 193 (Tex.Crim. App.1986); *Montalvo v. State*, 572 S.W.2d 714 (Tex.Crim.App.1978). The trial court is required to withdraw the plea of guilty even though counsel makes no effort to withdraw the plea. *Woodberry v. State*, 547 S.W.2d 629 (Tex.Crim.App.1977). In the present case, despite his admissions of committing aggravated sexual assault, appellant testified that he had not committed the offense as alleged in the indictment. Appellant's testimony reasonably and fairly raised an issue of his guilt. The trial court correctly withdrew the plea sua sponte. Had the trial court not withdrawn the plea, it would have reversibly erred. *Montalvo v. State*, 572 S.W.2d at 714.

---

1. At trial appellant's counsel repeatedly argued that the variance between the indictment and appellant's testimony was immaterial. He continues to argue this incorrect premise on appeal. The State must prove the offense in the manner alleged in the indictment. *See generally: McGowan v. State*, 664 S.W.2d 355 (Tex.Crim. App.1984); *Taylor v. State*, 637 S.W.2d 929 (Tex. Crim.App.1982); *Tullos v. State*, 698 S.W.2d 488 (Tex.App.—Corpus Christi 1985, pet. ref'd).

■ Appellant also contends that the evidence introduced before the plea was withdrawn should have been reintroduced, and because it was not, no evidence supports the conviction. His argument is that the withdrawal was effectively the beginning of a new trial and the proceedings had to start over in all respects. We disagree. When a defendant pleads guilty before a jury and, during the trial, changes his plea to not guilty (or the trial court sua sponte withdraws the plea), the trial proceeds before the same jury. *Wilson v. State*, 698 S.W.2d 145 (Tex.Crim.App.1985); *Beasley v. State*, 634 S.W.2d 320 (Tex.Crim.App. 1982).

To allow the defendant to proceed before a new jury, would allow manipulation of the judicial process: the accused could plead guilty, and after seeing how damaging the State's evidence is, he could take the stand and force a new trial by denying an element of the offense. *Beasley v. State*, 634 S.W.2d at 321. Because the trial proceeds before the same trier of fact, no purpose would be served in requiring the State to reoffer its evidence once the plea is withdrawn.

■ Appellant also contends that the trial court's withdrawal of the plea was a comment on the evidence and a violation of his Fifth Amendment right to remain silent. Were we to agree with appellant's contention, any trial court sua sponte withdrawing a guilty plea before a jury would be committing reversible error. Appellant is in the same position as any other defendant whose guilty plea is withdrawn because his testimony raises an issue of his innocence. Appellant's contention is therefore in conflict with the rule that the trial court must withdraw the plea where the evidence reasonably and fairly raises an issue of the accused's guilt.

■ Appellant also argues that the evidence is insufficient to support the conviction. Considering all the evidence introduced, and not just that offered after the plea was withdrawn, we find the evidence sufficient. Testimony of the victim and his mother establish the essential elements of the offense as alleged in the indictment.

All of appellant's arguments have been considered and they are overruled.

The judgment of the trial court is AFFIRMED.