# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00453-CR

**Jerry Allen Hatton, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 59378, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jerry Allen Hatton pleaded guilty without an agreed punishment recommendation from the State to the felony offense of aggravated robbery. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 2003) (a person commits offense of aggravated robbery if he commits robbery and uses or exhibits a deadly weapon). After a pre-sentence investigation report was completed and a sentencing hearing with testimony was conducted, the trial court found appellant guilty and assessed punishment at fifteen years' confinement. In two issues on appeal, appellant contends that (i) the sentence imposed constituted cruel and unusual punishment and (ii) the evidence is insufficient to support his guilty plea. For the reasons that follow, we affirm the judgment of conviction.

On March 26, 2006, appellant entered a convenience store in Bell County and demanded money from the store cashier. At the sentencing hearing, the cashier testified that appellant was holding something "shiny" that looked like a knife and announced that he was "here

to rob you." When the employee opened the cash register and showed appellant the small amount of money in the register, appellant stated he was "not going to jail for this." Appellant then demanded any money the employee had on her person. As appellant took the money, a customer entered the store. Appellant warned the employee to "stay cool" or he would kill her. Appellant was apprehended a short time later with the amount of money that had been taken on his person. Appellant pleaded guilty to aggravated robbery.

In his first issue, appellant contends that his punishment constitutes cruel and unusual punishment in violation of his constitutional rights "under the facts of this case." *See* Tex. Const. art. I, § 13. He urges that the sentence is greatly disproportionate because, although the indictment states that he used a deadly weapon to commit the robbery, to wit, a knife or pliers, the employee was not injured and appellant did not intend to use the pliers to hurt her. He also admitted the crime to the police and apologized to the employee when he was apprehended. He has serious medical conditions and a learning difficulty.

Appellant pleaded guilty to aggravated robbery, a first degree felony. *See* Tex. Penal Code Ann. § 29.03(b). The legislatively determined punishment range for an individual adjudged guilty of a first degree felony is "any term of not more than 99 years or less than five years." *Id.* § 12.32(a) (West 2003). Thus, appellant's sentence is within the statutory limits prescribed by the Texas legislature. When punishment assessed by a judge or jury is within the statutory limits of a constitutional statute, it is not cruel and unusual within the constitutional prohibitions. *E.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.); *Benjamin v. State*, 874 S.W.2d

2

132, 135 (Tex. App.—Houston [14th Dist.] 1994, no pet.). Nor do we infer that appellant's sentence is grossly disproportionate to the offense. *See Fluellen v. State*, 71 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, pet. ref'd) (citing *Solem v. Helm*, 463 U.S. 277, 290 (1983)). Because appellant's punishment is well within the statutory range and there is no evidence in the record showing how the sentence imposed for aggravated robbery is disproportionate with sentences imposed against defendants for the same crime in this or other jurisdictions, we overrule appellant's first issue. *See id.*

In his second issue, appellant urges that the evidence is insufficient to support his guilty plea. *See* Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005). Although he admitted to the commission of the robbery and that he used and exhibited a deadly weapon in the commission of the offense, appellant contends that the testimony at the sentencing hearing following his plea "cast doubt on the evidence that the pliers used" by appellant were a deadly weapon. Appellant entered a plea of guilty after a proper admonishment by the trial court, and he executed a written waiver and a judicial confession containing the deadly weapon finding. He does not contend that he was improperly admonished. At the hearing, appellant testified that he was just carrying the pliers and was not trying to scare the employee with them. Because he had no intention of harming the employee and later apologized to her, he contends that the evidence supporting the deadly weapon finding was insufficient. Even if appellant preserved this issue,[1] it is without merit.

---

[1] The State urges that appellant waived both issues on appeal because he did not object to the sentence as being cruel and unusual or to the deadly weapon finding and he never asked to withdraw his plea of guilty to the deadly weapon charge. A motion for new trial is an appropriate way to preserve these types of claims, and the record does not show that a motion was filed. *E.g.*, *Williamson v. State*, 175 S.W.3d 522, 523-24 (Tex. App.—Texarkana 2005, no pet.).

It was appellant who identified the object in his hand as pliers and who claimed he did not threaten the employee. The employee, however, testified at the hearing that the object appeared to be a knife and that appellant twice threatened to kill her. The indictment alleged that the deadly weapon was either a knife or pliers. Appellant testified in response to questioning by the State:

Q: And you held the knife-like object at her while you were commanding her to give you money, correct?

A: I didn't—I didn't demand her. I mean, I just—I told her, you know.

The Court: He's asking you if you held a knife-like object in your hand. So listen to his question.

A: Okay. Pliers, yes.

Q: Knife-like object, correct?

A: Pair of pliers.

Q: And you had them to scare her, correct?

A: Uh-huh. No. I wasn't trying to scare her with them.

Q: Why did you have them in your hand if you weren't trying to scare her with them?

A: I had them in my hand when I walked in. Raised them up to her but I never—I mean that's what I had in my hands.

Q: You were going to perform some type of mechanical thing in there with those pliers?

A: No, sir.

Q: Were you going to tighten any screws or nuts or anything within that store?

A:        No, sir.

Q:        You walked in and used those pliers to threaten a victim to give you money, correct?

A:        Yes, sir.

Apart from appellant's admission, the testimony at the hearing showed that the object was a deadly weapon by the manner of its use or attempted use. The employee testified to the threat made to her and her fear of the "shiny" object in appellant's hands. She also testified that she was placed in imminent fear of death or bodily injury. She testified that she was "too scared to do anything," including hit the store's panic button to alert security. Although she eventually returned to work part-time near her home, she was too scared to return to her job as a convenience store cashier. She suffered chest pains and nightmares and would see appellant's face when she closed her eyes. Even apart from his own admissions, the evidence was sufficient to support appellant's plea of guilty. *See Beasley v. State*, 634 S.W.2d 320, 322 (Tex. Crim. App. 1982) (victim's testimony was sufficient evidence that she was placed in fear of imminent death or bodily injury). We overrule appellant's second issue.

Having overruled appellant's issues, we affirm the judgment of conviction.

_____

                    Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   March 27, 2007

Do Not Publish

6