Opinion issued December 31, 2009

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00299-CR

———————————

GARY LYNN BIGGERS, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 56th District
Court

Galveston County, Texas



Trial Court Case No. 07CR2224

 



 

 

MEMORANDUM OPINION

After withdrawing his plea of guilty,
appellant Gary Lynn Biggers was convicted by a jury of burglary of a
habitation.  See Tex. Penal Code Ann. § 30.02 (Vernon
2003).  Biggers pleaded true to the two
enhancement paragraphs that he had two previous felony convictions for burglary
of a habitation and possession of a controlled substance.  The jury assessed punishment at 75 years’
imprisonment.  See Tex. Penal Code Ann. § 12.42(c)(1)
(Vernon Supp. 2009).  Biggers brings
eight issues, alleging the trial court erred in: (1) intermixing the guilt‑innocence
phase of trial with the punishment phase after Biggers had pleaded guilty; (2)
allowing evidence of six prior convictions to be introduced into evidence in a
unitary proceeding; (3) allowing the State’s fingerprint expert to testify when
the State had not designated a specific expert witness; (4) denying Biggers the
right to retain and be represented by counsel of his choosing; (5) not
including in the charge a definition of the law of parties; (6) not including
an “accomplice witness” charge; (7) allowing the State to amend the second
enhancement paragraph of the indictment; and (8) allowing the prior enhancement
paragraphs to be read to the jury before the commencement of the guilt‑innocence
phase of the trial.

We affirm.

Background

 

          John Olvera, a neighbor of complainant
Charles Lidstone, testified that he saw Biggers and a woman sitting on
Lidstone’s porch on the morning of July 9, 2009.  Olvera was suspicious and continued to watch
until he saw the woman get on a chair and put her foot though a window.  Olvera saw Biggers push the woman through the
window, and Olvera called the police.  After
the woman entered Lidstone’s house, Olvera saw her open the back door and saw
Biggers walk inside.  Olvera later saw
Biggers leave the house carrying a yellow container, which Olvera did not see
Biggers carrying before he entered the house. 
Olvera was present when the police arrested Biggers and the woman.

Galveston Police Officer Stacy Papillon, who conducted the arrest,
identified Rebecca Green as the female. 
Officer Papillon testified that Green was pushing a bicycle with an
attached yellow crate containing tins filled with coins.  Lidstone testified that the yellow crate and
the tins containing the coins belonged to him. 
Biggers was indicted for burglary of a habitation.

On the morning of the trial setting, Monday, March 3, 2008, Biggers and
his court-appointed counsel informed the trial court of several issues that
needed to be addressed before the beginning of trial.  One issue was that the indictment erroneously
indicated that a prior conviction, alleged for purposes of enhancing Biggers’s
punishment, took place on February 2, 2002. 
The correct date of the prior conviction was February 21, 2002.  Biggers’s counsel asserted that a correction
would require an amendment of the indictment, thus entitling Biggers to
additional notice before the start of trial.  Counsel for the State indicated that Biggers’s
counsel had been notified about the amendment five days earlier, on the prior
Wednesday.  Since the time of the
original indictment, both Biggers and the State had access to a copy of the
prior judgment of conviction which reflected the correct date.  The trial court overruled any objection to the
amendment of the indictment, concluding that Biggers had sufficient notice.

In addition, Biggers’s counsel advised the trial court that Biggers’s
parents had arranged to retain new counsel for him.  However, after determining that the proposed
new counsel was not ready to proceed to trial, the trial court declined to
grant a continuance, noting that the case had been called for trial, the
parties had announced ready, and Biggers was “sitting in jail.”

Having denied all of Biggers’s requests for additional time, the trial
court announced that jury selection would start that afternoon.  Biggers subsequently decided to plead guilty
to burglary of a habitation and have a jury assess his punishment.  Outside the presence of the jury, the trial
court confirmed that Biggers wanted to plead guilty and informed him of the
range of punishment.  Biggers confirmed
that he had discussed with his counsel the case in general, the range of
punishment, any possible plea, the voluntariness of a plea, and the inability
to appeal a plea.  Biggers also confirmed
that he was satisfied with the representation of his counsel up to that point.

The trial on punishment commenced and the venire panel was informed that
Biggers had pleaded guilty.  After the
jury was empaneled, the trial court again stated that Biggers had pleaded
guilty and Biggers pleaded not true to the two enhancement paragraphs for
previous felony convictions for burglary of a habitation and possession of a
controlled substance.  During its opening
statement, the State informed the jury there would be testimony of additional
prior convictions.

The jury heard testimony on punishment from witnesses including Olvera,
Officer Papillon, Lidstone, Green, and Galveston Police Sergeant M. Bell.  Sergeant Bell is a fingerprint expert, and he
testified that Biggers’s prints matched the prints on seven previous criminal
convictions.  Biggers was the last
witness to testify on punishment, and while he was on the witness stand,
Biggers denied ever entering Lidstone’s house. 
At that point, the trial court allowed Biggers to withdraw his guilty
plea, and the trial proceeded—without a defense objection—on the question of
whether Biggers was guilty of the charged offense.  Biggers proceeded to testify that Green told
him she knew Lidstone and she needed to retrieve some of her personal property
from Lidstone’s house, so Biggers helped her get through the window.  After Biggers rested, he moved for a
mistrial.

Analysis

 

Intermixing of guilt‑innocence
and punishment phases of trial

          In issue 1, Biggers claims the trial
court improperly allowed an intermixing of the guilt‑innocence phase of
trial with the punishment phase.  Biggers
claims this violated his state constitutional right to a speedy trial by an
impartial jury and his statutory right to a trial that was bifurcated on issues
of guilt‑innocence and punishment. 
See Tex. Const.
art. I, § 10; Tex. Code Crim. Proc. Ann.
art. 37.07, § 2 (Vernon Supp. 2009). 
Biggers also claims he was denied the right to conduct a meaningful voir
dire, which violated his federal and state constitutional rights to counsel,
and the right to confrontation by cross-examination.  See U.S.
Const. amend. VI (rights to confrontation and counsel); Tex. Const. art. I, § 10 (rights to
confrontation and counsel).

          Biggers’s objection to the unitary
trial came after Biggers rested.  At that
time, Biggers moved for a mistrial based on the fact that the jury was
initially informed that he had entered a guilty plea.  The trial court denied the motion.  Biggers later filed a motion for new trial,
at which time he raised the issues of a lack of a bifurcated trial and denial
of the right to conduct a meaningful voir dire.

          A defendant who pleads guilty, elects
to have the jury assess punishment, and withdraws his guilty plea during trial
is not entitled to a new jury.  See
Beasley v. State, 634 S.W.2d 320, 321 (Tex. Crim. App. [Panel Op.]
1982).  The Court of Criminal Appeals in Beasley
explained that requiring the trial court to empanel a new jury would allow the
defendant to manipulate the judicial process: the defendant could plead guilty,
and after seeing how damaging the State’s evidence is, he could take the stand
and force a new trial before a new jury by denying an element of the
offense.  Id.  The Court held that a defendant may not
create reversible error by his own manipulation and overruled the ground of
error.  Id.

          Even if Biggers’s objections were
timely, we hold that Beasley is dispositive and overrule issue 1.

Admission of evidence of prior
convictions

          In issue 2, Biggers claims the trial
court improperly allowed evidence of six prior convictions to be introduced
into evidence in a unitary proceeding, i.e., before the jury determined his
guilt or innocence.  At trial, Biggers’s
counsel stated he had no objection to the admission of this evidence.  We hold that Biggers has not preserved the
claimed error and overrule issue 2.  See
Tex. R. App. P. 33.1 (requiring
that party timely complain and obtain adverse ruling from trial court in order
to preserve complaint for appellate review).

Admission of expert‑witness
testimony

          In issue 3, Biggers alleges the trial
court erred in allowing the State’s fingerprint expert to testify because the
State did not designate a specific expert witness.  The State offered the expert testimony to
establish that Biggers’s fingerprints appeared on the records of prior
convictions.  Instead of identifying a
particular person, the State’s witness list identified “FINGERPRINT EXPERT” as
a possible witness designation along with a telephone number and “GCSO” as the
address.  Biggers asked the trial court
to strike any fingerprint expert because Biggers did not have the opportunity
to investigate or interview a specific witness.

          The trial court granted Biggers’s
initial objection to give his counsel until the next day “to look in on whoever
the expert is.”  At that time the State
identified the proposed witness by name and said that Biggers’s counsel would
be given the expert’s mobile telephone number. 
The following day Biggers’s counsel renewed the objection, stating that
he visited with the expert on the prior day and learned the expert’s curriculum
vitae and methodology, but “didn’t have time to vet him as an adequate notice
would give us.”  The trial court
overruled this objection.

          We review the trial court’s decision
to permit testimony under an abuse-of-discretion standard.  See Wood v. State, 18 S.W.3d
642, 649 (Tex. Crim. App. 2000).  If the
trial court allows a witness to testify who does not appear on the State’s
witness list, the trial court may nonetheless allow the testimony if the
prosecutor’s actions were not made in bad faith and if the defendant could have
reasonably anticipated the testimony of the witness.  Id. 
Biggers does not allege that the prosecutor acted in bad faith, and
nothing in our review of the record suggests that she did.  Furthermore, Biggers does not allege that he
could not have reasonably anticipated the expert’s testimony concerning the
fingerprints.  Accordingly, we overrule
issue 3.

Denial of the right to choose counsel

          In issue 4, Biggers contends the trial
court denied him the right to retain and be represented by counsel of his
choosing.  The day before trial, Biggers
told his court-appointed counsel that his parents had spoken to another lawyer
about representing him.  The proposed new
counsel indicated to both the trial court and Biggers’s court-appointed counsel
that he would not be ready to proceed to trial as scheduled.  The trial court then stated, “This case has
been called for trial and announced ready, and I am kind of hesitant to
continue it anymore.  [Biggers] is
sitting in jail.”  The trial court and
the lawyers then discussed other matters, and some time later the trial court
announced that trial would start that afternoon.  In a later exchange, Biggers reiterated to
the trial court that he wanted to retain another lawyer.  In response, the court observed that the case
was ready for trial and Biggers had not actually retained another lawyer.  At no point did Biggers formally object or
move for a continuance, as would be necessary to preserve his complaint in this
regard.  See Tex. R. App. P. 33.1(a)
(requiring complaint to trial court and ruling to preserve error).

          Even if Biggers preserved his
complaint for appellate review, he provides no authority for the proposition
that a defendant can retain new counsel on the day of trial and force a
continuance when defendant is also represented by appointed counsel.  The granting or denial of a continuance is
within the sound discretion of the trial court. 
See Heiselbetz v. State, 906 S.W.2d 500, 511 (Tex. Crim.
App. 1995).  Here, Biggers has neither
argued nor established any specific prejudice to him, and without such a showing,
we cannot hold that the trial court abused its discretion.  See id. at 511–12.  Accordingly, we overrule issue 4.

 

 

Jury charge issues

          In issues 5 and 6, Biggers argues the
trial court erred by not including in the charge a definition of the law of
parties (issue 5) and an “accomplice witness” charge (issue 6).  Although not discussed in Biggers’s brief,
Biggers’s counsel told the trial court he had no objection to the charge.

          The failure to preserve jury-charge
error is not a bar to appellate review, but rather it establishes the degree of
harm necessary for reversal.  Warner
v. State, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008).  Because Biggers did not object to the charge,
the error does not result in reversal “unless it was so egregious and created
such harm that appellant was denied a fair trial.”  Id. at 461 (citing Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). 
To determine “egregious harm,” a reviewing court examines the entire
jury charge, the state of the evidence, including the contested issues and
weight of the probative evidence, the arguments of counsel, and any other
relevant information revealed by the record of the trial as a whole.  Id. (citing Almanza, 686 S.W.2d
at 171).  The defendant must have
suffered actual, rather than theoretical, harm. 
Id. (citing Arline v. State, 721 S.W.2d 348, 352 (Tex.
Crim. App. 1986)).  Errors that result in
egregious harm are those that affect “the very basis of the case,” “deprive the
defendant of a valuable right,” or “vitally affect a defensive theory.”  Id. at 461–62 (citing Hutch v.
State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)).

          There was testimony at trial from John
Olvera that Biggers entered the house with nothing in his hands and he later
left the house carrying a yellow container. 
This is direct evidence of Biggers’s guilt as a principal actor, and any
potential error of the trial court in charging on the law of parties is
therefore not egregious.  See Ladd
v. State, 3 S.W.3d 547, 564–65 (Tex. Crim. App. 1999).

          Code of Criminal Procedure article
38.14 requires that the testimony of an accomplice witness be corroborated: “A
conviction cannot be had upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the defendant with the offense
committed; and the corroboration is not sufficient if it merely shows the
commission of the offense.”  Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 2005).  Biggers contends that the
following testimony of Rebecca Green required the trial court to submit an
accomplice witness charge:

Q.  Miss Green,
do you know [Biggers]?

A.  Yes, sir.

Q.  How long
have you known him?

A.  For about a
year.

Q.  Do you know
a person named Charles Lindstone?

A.  No, sir.

Q.  You have
never met him?

A.  No, sir.

Q.  You don’t know
where he lives then?

A.  No, sir.

Q.  Have you
ever been to 1512 M 1/2 in Galveston, Texas, to your knowledge?

A.  I am going
to take the Fifth.

Q.  Did you ever
go in that house?

A.  I am going
to take the Fifth.

Q.  Were you
ever involved in an enterprise where you and [Biggers] went into that house?

A.  I am going
to take the Fifth.

Q.  Did you know
a person named John Olvera?

A.  No, sir.

          Green did not testify against Biggers,
and Biggers does not argue that Green’s invocation of her Fifth Amendment
privilege against self‑incrimination somehow implicates article
38.14.  In any event, Olvera provided
direct testimony to show Biggers’s guilt as a principal actor.

          We hold that any potential error by
the trial court in not including in the charge a definition of the law of
parties and an “accomplice witness” charge was not egregious.  Accordingly, we overrule issues 5 and 6.

Amendment of indictment

          In issue 7, Biggers contends the trial
court erred in allowing the State to amend the second enhancement paragraph of
the indictment to change the date of a prior conviction from February 2, 2002
to February 21, 2002.  The State filed
its motion for leave to amend the indictment on February 27, 2008, and trial
began on March 3, 2008.  At trial, Biggers
orally objected to the State’s motion to amend as follows:

There was an error in the
indictment.  The second enhancement in
the indictment indicated that the date of the second enhancement was the second
day of . . . February 2002.  Should have
been February 21st 2002.

[T]o correct this will require
an amendment of the indictment and I am entitled to seven days notice on
amendment of the indictment.[1]

 

The objection at trial and its reference to “seven days notice” appears
to reflect confusion about the notice Biggers was entitled to receive as a
matter of constitutional due process of any prior offense that would be used to
enhance his punishment,[2] as distinguished
from the notice he was entitled to receive by rule, under Article 28.10(a) of
the Code of Criminal Procedure, to any amendment to the indictment.[3]

On appeal, Biggers complains that “[t]he court erred by allowing the
State to amend the enhancement portion of the indictment on the date of trial
and by not allowing the Defendant adequate time to respond to the
amendment.”  Biggers did not suggest to
the trial court, or in his appellate brief, any error based on a violation of
Article 28.10.  We hold that any
such error has been waived.  See Tex.
R. App. P. 33.1(a), 38.1(i). 
Moreover, the facts that Biggers had no defense to the second
enhancement allegation (he ultimately pleaded true to it) and that he failed to
move for a continuance for the purpose of preparing such a defense (his
objections suggested only that correction of the error in the indictment
entitled him to additional time), foreclose any complaint that Biggers was
denied due process.  See Villescas v. State,
189 S.W.3d 290, 294 (Tex. Crim. App. 2006). 
To the extent Biggers complains that absent a correction to the
indictment, the jury would not have been able to make a finding of “true” on
the second enhancement paragraph, we cannot conclude that Biggers had any
substantial right to rely upon a typographical error to make such an argument.

We overrule issue 7.

Reading prior conviction enhancement
paragraphs to jury

          In issue 8, Biggers contends the trial
court erred in allowing the prior conviction enhancement paragraphs to be read
to the jury before the commencement of the guilt‑innocence phase of the
trial.  See Tex. Code Crim. Proc. Ann. art.
36.01(a)(1) (Vernon 2007) (“When prior convictions are alleged for purposes of
enhancement only and are not jurisdictional, that portion of the indictment or
information reciting such convictions shall not be read until the hearing on
punishment is held as provided in Article 37.07.”).  At the time the enhancement paragraphs were
read to the jury, however, Biggers had pleaded guilty, and the jury was
requested for punishment only.  It was
only later that Biggers withdrew his guilty plea and trial commenced before the
jury on guilt‑innocence.  The trial
court committed no error.

          We overrule issue 8.

Conclusion

          We affirm the
judgment of conviction.

 

 

 

 

 

 

                                                          Michael
Massengale

                                                          Justice

 

Panel
consists of Justices Bland, Massengale, and Wilson.*

Do not
publish.  Tex. R. App. P. 47.2(b).          

                                                                   











[1]               At
trial Biggers’s counsel also relied upon Freda
v. State, 704 S.W.2d 41, 43 (Tex. Crim. App. 1986) (en banc), for the
purported proposition that “the indictment has to be specific as to date.”  In opposition, the State relied upon Conner v. State, No. 01-00-00383-CR,
2001 WL 204223, at *2–3 (Tex. App.—Houston [1st Dist.] Mar. 1, 2001, pet.
ref’d) (not designated for publication), for the proposition that any error in
permitting the amendment to the indictment would be harmless.  See
also Trejos v. State, 243 S.W.3d 30, 41–42 (Tex. App.—Houston [1st Dist.]
2007, pet. ref’d) (applying Tex. R. App.
P. 44.2 harmless-error analysis to review trial court’s erroneous ruling
permitting amendment of indictment on the day of trial).  Biggers’s argument in this regard was not
well-taken, as Freda did not involve
the issue of the timeliness of an amended indictment.  Rather, the Court of Criminal Appeals held in
Freda that there was no fatal
variance between the facts alleged in the indictment and the facts proved at trial
when the indictment alleged the appellant was previously convicted of felony
bank robbery, and appellant was not surprised to his prejudice when the actual
proof instead demonstrated a prior conviction for conspiracy to commit bank
robbery.  See Freda, 704 S.W.2d at 43; see
also Chavis v. State, 177 S.W.3d
308, 312 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d).  Indeed, this Court has recently reaffirmed
that “variances between an indictment and the proof of cause numbers, courts,
and dates of conviction in enhancement paragraphs have been held not to be
material.”  Simmons v. State, 288 S.W.3d 72, 80 (Tex. App.—Houston [1st Dist.] 2009,
pet. ref’d).  

 





[2]               See, e.g., Villescas v.
State, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006) (six days’ notice held
sufficient to notify appellant of State’s intent to use prior offense to
enhance punishment, relying upon Oyler v.
Boyles, 368 U.S. 448, 82 S. Ct. 501 (1962)).  

 





[3]               An
indictment may not be amended as to form or substance over the defendant’s
objection on the day of trial.  Article
28.10(a) provides:

 

After notice to the defendant,
a matter of form or substance in an indictment or information may be amended at
any time before the date the trial on the merits commences.  On the request of the defendant, the court
shall allow the defendant not less than 10 days, or a shorter period if
requested by the defendant, to respond to the amended indictment or
information.

 

Tex.
Code Crim. Proc. Ann. art. 28.10(a)
(Vernon 2006).

 





*        The
Honorable Randy W. Wilson, judge of the 157th District Court of Harris County,
Texas, participating by assignment.  See
Tex. Gov’t Code Ann. § 74.003(h)
(Vernon 2005).