# NO. 12-17-00242-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JONATHAN DAVID MOORE,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jonathan David Moore appeals his conviction for forgery. In two issues, Appellant contends the evidence is insufficient to support his conviction and he was improperly denied a jury instruction. We affirm.

### BACKGROUND

On June 20, 2016, Appellant presented a check to be cashed at a Tyler branch of Austin Bank. The check was a temporary check from his father David Moore's (Mr. Moore) account with Austin Bank in Jacksonville. When Appellant presented the check to the bank teller, the bank's system alerted the teller to compare the signature on the check with the signature on file. Mr. Moore previously contacted the bank because he believed some of his temporary checks had been stolen. As a result, the bank "flagged" the account in its computer system. When the teller compared the signature, it did not match the signature card on file. As a result, she contacted her supervisor who then contacted Mr. Moore to find out if the check had been authorized. After confirming that the check was unauthorized, the bank contacted the police. Following an investigation, Appellant was arrested.

Appellant was charged by indictment with the offense of forgery. Specifically, the indictment alleged that Appellant, with intent to defraud or harm another, altered, made,

completed, executed, and authenticated a writing so it purported to be the act of David Moore, who did not authorize the act, and the writing was a check. Appellant pleaded "not guilty" and the matter proceeded to a jury trial. The jury found Appellant "guilty." After a hearing on punishment, the jury assessed a sentence of imprisonment for twenty years and a $10,000 fine. This appeal followed.

**SUFFICIENCY OF THE EVIDENCE**

In his first issue, Appellant contends the evidence is insufficient to support his conviction. Specifically, he argues that the State failed to prove that he was a party to the forgery.

**Standard of Review and Applicable Law**

In Texas, the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). This standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899.

When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances. *Hernandez v. State*, 190 S.W.3d 856, 864 (Tex. App.–Corpus Christi 2006, no pet.).

A person commits an offense if he forges a writing with intent to defraud or harm another. TEX. PENAL CODE ANN. § 32.21(b) (West Supp. 2017). "Forge" means to alter, make, complete, execute, or authenticate a writing that purports to be the act of another who did not authorize the act. *Id*. § 32.21(a)(1)(A)(i). Forgery by passing occurs when, with intent to defraud or harm another, a person issues, transfers, registers the transfer of, passes, publishes, or otherwise utters a forged writing. *Id*. § 32.21(a)(1)(B). Additionally, it is an offense to possess a forged writing with intent to utter it. *Id*. § 32.21(a)(1)(C). Intent may be established by circumstantial evidence. *Williams v. State*, 688 S.W.2d 486, 488 (Tex. Crim. App. 1985). The culpable mental state requires proof of knowledge that the instrument is forged. *Id*.

**Analysis**

Appellant contends the evidence is insufficient to prove that he committed the alleged forgery. According to Appellant, Mr. Moore's testimony supported the notion that Appellant may have believed he had permission to write checks from his father's account.

Mr. Moore testified at trial that Appellant is his oldest son. The account that the temporary check was written from belongs to Mr. Moore and his wife. Mr. Moore testified that he previously gave Appellant permission to write a check in April 2016 when he needed money and Mr. Moore was out of the State. Although he had not given Appellant permission to issue other checks, he testified that he did not know whether Appellant understood that fact.

According to Mr. Moore, he had a conversation with Appellant on the morning of June 20, 2016, in which Appellant told him that he wrote approximately $1,000 worth of checks from his father's account. Following his conversation with Appellant, Mr. Moore went to the bank to check his account balance. He discovered that approximately $2,000 was missing from his account. Mr. Moore told the bank to watch the signatures on the checks, and the bank "flagged" the account. He testified that he received a call that afternoon from the bank about a check and whether he had authorized it. He told the bank and the police that he had not authorized the check at issue. When shown the check at trial, Mr. Moore said that he did not fill in or sign the check and that whoever had signed the check did so without permission.

Christine Nguyen, a teller at Austin Bank in Tyler, Texas, testified that Appellant presented a check to her in the bank's drive-thru. When she checked the bank's system, the account was flagged. The flag instructed her to check the signature and check number because the account holder reported some stolen checks. When Nguyen compared the signature card to

the check, the card's signature did not match the signature on the check. She contacted Mr. Moore and asked whether he issued the check. When she learned that he had not issued the check, Nguyen notified her supervisor and manager, who contacted the police.

Officer Chad Homer of the Tyler Police Department testified that he was on patrol on June 20, 2016, when he was dispatched to Austin Bank on Old Bullard Road in Tyler to investigate a forgery in progress. When he arrived at the bank, he spoke with bank employees and learned that a person in the drive-thru passed a check that was reported stolen. Homer confirmed with the bank that the account was flagged, and his partner confirmed with Mr. Moore that the check was unauthorized. When Mr. Moore indicated that he wanted to press charges, Homer arrested Appellant.

Accordingly, the jury heard evidence that Appellant attempted to cash a check on Mr. Moore's account, that the signature card and check did not match, that Mr. Moore did not issue the check Appellant presented to the bank, and that Mr. Moore did not give Appellant permission to write checks outside of the April 2016 instance. The jury also heard testimony that Appellant admitted to Mr. Moore that he previously wrote checks on Mr. Moore's account. As sole judge of the weight and credibility of the testimony, the jury was entitled to reject the theory that Appellant believed he had permission to write checks on Mr. Moore's account. *See **Brooks***, 323 S.W.3d at 899; *see also **Padilla***, 326 S.W.3d at 200. Based on the evidence presented at trial, the jury could reasonably conclude that, with the intent to defraud or harm another, Appellant not only completed and signed the check, such that it purported to be the act of another who did not authorize the act, but further attempted to pass the forged check. *See* TEX. PENAL CODE ANN. § 32.21(a)(1)(A)(i), (B)-(C), (b). Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found all essential elements of forgery as alleged in the indictment. *See **id.***; *see also **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; ***Brooks***, 323 S.W.3d at 912. Because there is sufficient evidence to support the jury's verdict, we overrule Appellant's first issue.

## CHARGE ERROR

In his second issue, Appellant argues that the trial court erred when it refused to instruct the jury that his voluntary absence from trial could not be used against him in assessing punishment.

4

## Standard of Review

The review of an alleged jury-charge error in a criminal trial is a two-step process. *See Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, an appellate court must determine whether there was error in the jury charge. *Id.* Second, if there is charge error, the court must determine whether there is sufficient harm to require reversal. *Id.* at 731-32. The standard for determining harm depends on whether the appellant objected. *Id.* at 732. If the appellant objected to the error at trial, the appellate court must reverse the trial court's judgment if the error "is calculated to injure the rights of the defendant." TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006). This standard requires proof of no more than some harm to the accused from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). An appellant who did not raise the error at trial can prevail only if the error is so egregious and created such harm that he has not had a fair and impartial trial. *Id.* "In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.* In assessing whether the trial court erred by denying a requested defensive instruction, an appellate court must examine the evidence offered in support of the defensive issue in the light most favorable to the defense. *Id.*

## Analysis

During the punishment phase of trial, Appellant was present for opening statements and was told by the court to return after the lunch recess for the continuation of trial. However, Appellant did not return to trial after lunch. The trial court allowed additional time for Appellant to appear, and the bailiffs searched the nearby restaurants for Appellant. The trial court instructed the jury that the trial could continue without Appellant if he voluntarily absented himself from the proceedings.

On appeal, Appellant acknowledges that his absence from trial was voluntary and that the punishment phase of his trial could continue in his absence. *See* TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2006). However, Appellant contends the trial court should have granted his request to instruct the jury that, "You should not consider for any purpose the fact that Defendant has voluntarily absented himself from this portion of the trial in assessing punishment."

5

Appellant cites no authority, nor could this Court locate any such authority, to support his claim that the trial court must instruct the jury not to consider a defendant's absence in assessing punishment. However, courts have addressed the need for such an instruction during the guilt-innocence phase of trial. For instance, in *Notias v. State,* 491 S.W.3d 371 (Tex. App.—Houston [1st Dist.] 2016, no pet.), the defendant failed to return from a break during the guilt-innocence portion of his aggravated robbery trial. *Id.* at 374. In his absence, the jury found him "guilty" and sentenced him to imprisonment for forty years. *Id.* On appeal, Notias argued that the trial court erred by failing to instruct the jury that his voluntary absence from trial could not be used as evidence of his guilt. *Id.* In determining that the trial court did not err, the appellate court stated that there are some instances in which flight permits an inference of guilt. *Id.* at 375 (citing *Martin v. State*, 727 S.W.2d 820, 823 (Tex. App.—Fort Worth 1987, no pet.)). In addition, the court relied on the principle that "a defendant may not create reversible error by his own manipulation." *Id.* at 376 (citing *Beasley v. State*, 634 S.W.2d 320, 321 (Tex. Crim. App. 1982)). Under this principle, a trial court does not err when it refuses to instruct a jury not to consider a defendant's absence when he has been removed from trial because of his disruptive behavior. *Id.* (citing *George v. State*, 446 S.W.3d 490, 503 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd)). Accordingly, the appellate court held that the trial court did not abuse its discretion by denying Notias's requested jury instruction. *Id*.

In the present case, Appellant was absent during the punishment phase of trial instead of the guilt-innocence phase. However, this difference does not obviate the principle that Appellant still may not create reversible error by his own manipulation. *See Beasley*, 634 S.W.2d at 321; *Notias,* 491 S.W.3d at 376. Moreover, the trial court's punishment charge instructed the jury that it could not consider Appellant's failure to testify, and that the State bears the burden of proof throughout the trial, which never shifts to the defendant. We assume the jury followed the trial court's instructions and that, in doing so, the jury assessed Appellant's punishment based on evidence presented by the State in satisfaction of its burden of proof rather than on Appellant's absence. *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003). Based on the foregoing, we hold that the trial court did not abuse its discretion when it denied Appellant's request to instruct the jury that his absence from trial could not be considered in assessing punishment. *See Abdnor*, 871 S.W.2d at 731. Appellant's second issue is overruled.

6

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.


**BRIAN HOYLE**
Justice


Opinion delivered April 11, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 11, 2018**

**NO. 12-17-00242-CR**

**JONATHAN DAVID MOORE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1568-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*