

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00132-CR

_____

KENNETH DEWAYNE NELSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 17F-1099-005

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

As was his right—the day after voir dire, but before Kenneth Dewayne Nelson's trial on five indictments of continuous human trafficking[1] actually began on the merits—Nelson opted to withdraw his five guilty pleas.[2] Though Nelson claimed the jury panel was hopelessly tainted by knowledge of his guilty pleas[3] and asked that a new panel be assembled, the trial court denied his request. The jury convicted Nelson on all indictments, and he was sentenced to five consecutive life terms. In this appeal of the first of his five cases, we address Nelson's claim, common to all five cases, that he should have been afforded a new jury panel. In this case, we affirm his conviction as to Child Victim #1 because Nelson was not entitled to a new jury panel.[4] As explained this date in our opinion in the second case, *Nelson v. State*, cause number 06-18-00133-CR, we modify the sentencing order in all five cases to provide that Nelson's five life sentences will run concurrently, not consecutively, and modify the costs assessed in cases two through five so that costs will not be duplicated.

---

[1]*See* TEX. PENAL CODE ANN. § 20A.03.

[2]A defendant may withdraw his plea of guilty "at any time before the jury retires to deliberate" or, in a trial before the court, before "the court pronounces judgment or takes the case under advisement." *Mendez v. State*, 138 S.W.3d 334, 345 (Tex. Crim. App. 2004).

[3]While the parties voir dired the jury panel, they mentioned several times that Nelson had pled guilty to each of the offenses. The trial court also told the panel that Nelson had pled guilty and that the selected jury would decide only his punishment.

[4]In separate opinions issued on this date, we affirm, as modified, Nelson's other four convictions (cause number 06-18-00133-CR (as to Child Victim #2), cause number 06-18-00134-CR (as to Child Victim #3), cause number 06-18-00135-CR (as to Child Victim #4), and cause number 06-18-00136-CR (as to Child Victim #5)).

In two points of error, Nelson argues that he was entitled to a fresh venire after he withdrew his guilty pleas. Because the impaneled jury was drawn from a venire that had been told Nelson pled guilty to the charges, the jury was "hopelessly tainted," according to Nelson. Nelson argues that the lack of a new venire violated the Sixth Amendment to the United States Constitution ("right to a speedy and public trial, by an impartial jury"), Article 1, Section 15, of the Texas Constitution ("right of trial by jury shall remain inviolate"), and Article 1.12 of the Texas Code of Criminal Procedure ("right to trial by jury remains inviolate"). *See* U.S. CONST. amend. VI; TEX. CONST. art. 1, § 15; TEX. CODE CRIM. PROC. ANN. art. 1.12.

Nelson's appellate claims, that the lack of a new venire violated the Texas Code of Criminal Procedure and Texas Constitution, have not been preserved for our review. In complaining that the jury had been tainted, Nelson argued that the jury could not be expected to fairly consider his culpability. His sole trial objection was that

> trial strategy is the purview of counsel. Constitutional rights are the purview of the defendant . . . . [T]he defendant, I believe, should be placed in a position, the Court having allowed him to withdraw that plea, of de novo . . . presentation to a new venire panel that has not been tainted [by h]aving heard him announce that he is guilty and having had his own counsel voir dire and speak to them about him being guilty . . . .

This is, primarily at least, a complaint of jury taint or partiality.

Where an objection is subject to more than one interpretation, the party does not preserve a complaint unless he or she states the grounds for the objection with sufficient specificity so the trial court is aware of the complaint. *Taylor v. State*, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996). A "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see also* TEX. R. APP. P. 33.1. *Cf. Pena v. State*, 285

3

S.W.3d 459, 464 (Tex. Crim. App. 2009) ("broad constitutional objections and custody objections 'under the laws of the State of Texas and [the] Constitution of the United States and the State of Texas," did not preserve due course of law objection raised on appeal).

We construe this as an objection under the Sixth Amendment to the United States Constitution, which guarantees trial before an "impartial jury." U.S. CONST. amend. VI. Nelson has not preserved any complaint based in the Texas Constitution or the Texas Code of Criminal Procedure. We address the federal question.

Nelson offers as authority *Kercheval v. United States*, 274 U.S. 220 (1927). Kercheval pled guilty to mail fraud, apparently believing a plea arrangement was in place. Sentenced to three years' confinement, not the three months he had expected, he moved for a new trial, which the trial court granted. *Id*. at 221. At the second trial, the State introduced Kercheval's plea of guilty from the previous trial. *Id*. at 221–22. The United States Supreme Court found this to be reversible error, because in "this country it has not been customary to use withdrawn pleas as evidence of guilt." *Id*. at 225. *Kercheval* is distinguishable from the case before us. Here, Nelson pled guilty then withdrew his plea in the same trial, before the same fact-finder. Kercheval was unfairly confronted with, and his second jury presented with, evidence from a prior trial. That prior trial and its evidence had become a nullity when a new trial was granted. Thus, as the Supreme Court explained, "The effect of the court's order permitting the withdrawal [of Kercheval's plea of guilty and grant of a new trial] was to adjudge that the plea of guilty be held for naught." *Id*. at 224. We do not find *Kercheval* applicable here.

4

More on point are resolutions of similar situations in Texas. In *Beasley v. State*, 634 S.W.2d 320 (Tex. Crim. App. [Panel Op.] 1982), the defendant pled guilty to the trial court, then went to the jury for punishment. But the trial court, sua sponte, withdrew Beasley's plea of guilty because Beasley denied having used or exhibited a deadly weapon as alleged in the indictment. *Id*. at 321. The court found no error in the trial court's denying Beasley a fresh venire. *Id*. "To adopt the rule urged by appellant would allow manipulation of the judicial process: the accused could plead guilty, and after seeing how damaging the State's evidence is, he could take the stand and force a new trial before a new jury by denying an element of the offense. A defendant may not create reversible error by his own manipulation." *Id*.

In *Leal v. State*, 730 S.W.2d 72 (Tex. App.—Corpus Christi 1987, no pet.), Leal pled guilty. When he testified, though, he denied committing the offense of aggravated sexual assault as alleged in the indictment. The trial court withdrew Leal's plea of guilty. The trial court rejected Leal's argument that the withdrawn plea meant the entire criminal proceeding should begin anew. The Corpus Christi Court of Appeals affirmed the trial court: "When a defendant pleads guilty before a jury and, during the trial, changes his plea to not guilty (or the trial court sua sponte withdraws the plea), the trial proceeds before the same jury." *Id*. at 75 (citing *Wilson v. State*, 698 S.W.2d 145 (Tex. Crim. App. 1985));[5] *Beasley*, 634 S.W.2d 320.

---

[5]Wilson pled nolo contendere and waived a jury trial. When, at trial, he discovered the victim would not testify, he withdrew his plea of guilty and demanded a jury trial, which the trial court denied. The Texas Court of Criminal Appeals reversed. In light of the particular circumstances at play, the Texas Court of Criminal Appeals found it "very clear that in this case the court intended to return the appellant to his same status prior to his plea of nolo contendere (more specifically, the right to have a jury trial)." *Wilson*, 698 S.W.2d at 147. *Wilson* is the genesis for the statement "[w]hen a defendant pleads guilty before a jury and, during the trial, changes his plea to not guilty, the trial proceeds before the same jury. The same thing happens if the original plea is not guilty, and is changed later to guilty." *Id*. The court made this statement after distinguishing Wilson's predicament with an earlier Texas Court of Criminal

5

While he was unquestionably entitled to withdraw his initial plea, Nelson's predicament was of his own making. He has presented no authority entitling him to a fresh venire panel where he, knowingly and voluntarily, (1) pled guilty to the trial court, (2) chose to voir dire the venire panel, which at that point in time was a unitary punishment proceeding, then (3) withdrew his pleas of guilty and (4) proceeded to a jury trial on guilt.

If Nelson was concerned that the jury could not divorce itself from what it had been told the day before—that he had pled guilty and would be presenting only the issue of punishment for the jury's decision—he could have opted to exercise various strategies. He could have asked the trial court for an instruction to the panel to ignore any comments about the earlier guilty pleas, but did not. He could have urged in an opening statement at trial that the jury ignore the earlier pleas of guilty, but he opted not to make an opening statement to the jury, as also was his right. He could have waived trial by jury and asked the court to determine his guilt. He could have persisted with his guilty pleas. But having told the venire he was guilty and participated in jury selection, he was not entitled to have the trial court provide a new venire.

Nelson was not denied a jury. His case falls in the caution zone described in *Beasley.* Were he allowed to obtain a new venire panel after pleading guilty and selecting a jury, Nelson would potentially be allowed to manipulate the judicial process, arguably to his benefit. Based on the record before us, we cannot say Nelson was entitled to a new venire. Accordingly, we find no error here. This point of error is overruled.

---

Appeals opinion relied on by the court of appeals. Even if, as urged by Nelson, this statement was dicta as regards *Wilson*'s holding, we find the court's later citation of and reliance on *Wilson* in *Beasley* effectuated the statement's authority regarding the situation at hand.

6

The judgment and sentence of the trial court are affirmed, except that, as explained in our companion opinion in cause number 06-18-00133-CR, the sentence in this case will run concurrently with Nelson's other sentences.


Josh R. Morriss, III
Chief Justice

Date Submitted:     May 8, 2019
Date Decided:       June 17, 2019

Do Not Publish